United States Bankruptcy Court
Eastern District of Michigan
Northern Division

In the Matter of:
Mark J. Humphrey, Jr.; and,
Heather A. Humphrey,
    Debtors
_____/

Chapter 7
Case No. 18-21433
Judge Daniel S. Opperman

Mark J. Humphrey, Jr.; and,
Heather A. Humphrey,
    Plaintiffs,
v.

Adv. Proc. No.

Jefferson Capital Systems, LLC,
    Defendant.   /

| | |
|---|---|
| Jack Weinstein (P22122) | Mary Jane Elliott (P32732) |
| Attorney for Plaintiff | Attorney for Defendant |
| 805 S. Michigan Ave. | 24300 Karim Blvd. |
| Saginaw, MI 48602 | Novi, MI 48375 |
| (989) 790-2242 | (248) 306-2000 |

**COMPLAINT**
**RE: PREFERENTIAL TRANSFER**

    NOW COMES the above-named plaintiffs, Mark J. Humphrey, Jr., and Heather A. Humphrey, by and through their attorney, Jack A. Weinstein, P.C., who do hereby file the following complaint against the above-named defendant stating as follows:

I.
Jurisdiction

1. That this court has jurisdiction pursuant to 28 USC §157 and this is a core proceedings.

2. That plaintiff filed for relief under Chapter 7 of the US Bankruptcy Code on July 25th, 2018.

II.
Preference

3. That on January 8th, 2018, defendant secured a default Judgment against plaintiff, Heather A. Humphrey (Heather), in the amount of $943.64 in the 74th District Court for the State of Michigan.

1

4. Pursuant to defendant's Writs of Garnishment, it has received and/or will receive the total sum of $1,632.65 within 90 days of the Humphreys filing for bankruptcy itemized as follows:

   a. Wage garnishment against Heather A. Humphrey:

   | Pay Date | Amount |
   |---|---|
   | 06/22/2018 | $277.58 |
   | 070/6/2018 | $277.58 |
   | 07/20/2018 | $277.58 (returned by plaintiff) |
   | 08/03/2018 | $119.91 |

   b. Plaintiffs' State of Michigan 2017 income tax refund: $680.00

   Total: $1,632.65

5. However, of the aforesaid sum defendant has returned $277.58 to plaintiff, Heather A. Humphrey reducing the amount in issue to $1,355.07.

6. Defendant had agreed to release its garnishment of plaintiffs' 2017 MI income tax refund but has failed to submit verification to plaintiffs or plaintiffs' counsel of having done so.

7. That plaintiffs listed this matter as a preferential transfer and an asset in their bankruptcy schedules, as well as, it being claimed as an exemption.

8. That defendant, through its actions received and/or will receive preferential payments for an antecedent debt within 90 days prior to when debtors filed for Chapter 7 relief resulting in defendant receiving more than it would have otherwise received as an unsecured creditor in debtors' Chapter 7 Bankruptcy.

9. That pursuant to 11 USC §547(b), defendant received or will receive preferential transfers due to its writs of garnishment against plaintiffs resulting in it receiving and/or will receive approximately $1,355.07 which plaintiffs' lawsuit seeks to recover.

   WHEREFORE, plaintiffs pray that this court will determine that defendant has received and/or will receive preferential transfers encompassed within the scope of 11 USC §547 and grant plaintiffs a judgment against the defendant in the amount of $1,355.07 plus attorney fees and any costs due to defendant's failure to voluntarily return those monies to plaintiffs requiring them to bring this matter on before the court.

Jack A. Weinstein, P.C.

Date: October 8th, 2018

/s/ Jack Weinstein
Jack Weinstein
Attorney for Plaintiff